MICHAEL R. LINDSAY (SBN 110845)
mlindsay@nixonpeabody.com
CHRISTOPHER BRAHAM (SBN 293367)
cbraham@nixonpeabody.com
NIXON PEABODY LLP
Gas Company Tower
555 West Fifth St., 46th Floor
Los Angeles, CA  90013-1010
Tel: 213-629-6000
Fax: 213-629-6001

Attorneys for Plaintiff
CVS PHARMACY, INC. and CAREMARK,
L.L.C.,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CVS PHARMACY, INC, and CAREMARK, L.L.C. <br><br> Plaintiffs, <br><br> vs. <br><br> GEORGE KRIDNER, <br><br> Defendant. | Case No. 8:15-cv-00144 <br><br> **COMPLAINT FOR THEFT OF TRADE SECRETS, BREACH OF CONTRACT, BREACH OF DUTY OF LOYALTY, UNFAIR COMPETITION, REPLEVIN, CONVERSION** |

Plaintiffs CVS Pharmacy, Inc. and Caremark, L.L.C. (collectively referred to hereinafter as "Plaintiff CVS" or "CVS"), by its attorneys, Nixon Peabody LLP, allege as follows in connection with its Complaint for theft of trade secrets, breach of contract, breach of duty of loyalty, unfair competition, replevin, and conversion against Defendant George Kridner:

4839-3641-1681.11

**PARTIES**

1.     Plaintiff Caremark, L.L.C., is a California limited liability company, whose sole members are citizens outside of California.  Plaintiff CVS Pharmacy, Inc. is a Delaware corporation with its principal place of business in Woonsocket, Rhode Island.  Plaintiff CVS Pharmacy, Inc., the retail division of CVS Health, is America's leading retail pharmacy with more than 7,800 stores in the United States. CVS is dedicated to helping people on their path to better health.

2.     Defendant George Kridner ("Defendant Kridner" or "Kridner") is a former CVS employee.  From 2011 until November 10, 2014 he was employed with CVS.  His most recent role with CVS was the Senior Director, Specialty Clinical Services.  On November 10, 2014, Kridner resigned from his position at CVS.  Kridner resides and is domiciled in the State of California, County of Orange.

**JURISDICTION AND VENUE**

*Diversity Jurisdiction*

3.     The Court has original jurisdiction over this action because it is a civil action between citizens of different states and the amount in controversy exceeds the statutory minimum.  28 U.S.C. § 1332(a)(1).

4.     Plaintiff CVS Pharmacy, Inc. is a citizen of Delaware, where it is incorporated, and of Rhode Island, where it has its corporate headquarters and where its officers direct, control and coordinate the company's activities.  28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010) (court clarified that state where corporate headquarters is located is the state which has its principal place of business).

5.     Plaintiff Caremark, L.L.C. is a citizen of Delaware and of Rhode Island because its sole member, Caremark Rx, L.L.C., is a citizen of those states because Caremark Rx, L.L.C.'s sole member, CVS Pharmacy, Inc., is a citizen of those states, as set forth above.  *Johnson v. Columbia Properties Anchorage, LP*

4839-3641-1681.11

COMPLAINT FOR THEFT OF TRADE SECRETS

1   437 F.3d 894, 899 (9th Cir. 2006) ("[T]he citizenship of an LLC for purposes of the
2   diversity jurisdiction is the citizenship of its members.").

3        6.     Defendant Kridner is a citizen of the United States and is domiciled in
4   California.   *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir.
5   1999).

6        7.     The amount in controversy in this case, exclusive of interest and costs,
7   exceeds $75,000.

8                                                           ***Venue***

9        8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391
10   because: (1) Defendant Kridner resides in this district; (2) all or a substantial part of
11   the events giving rise to this action occurred in this district; and (3) Defendant
12   Kridner is subject to personal jurisdiction in this district.

13                                     **GENERAL ALLEGATIONS**

14        9.     In or about 2011, CVS hired Kridner to serve as the Regional Director
15   Specialty Pharmacy Operation, West.   In or about June of 2013 Kridner was
16   promoted to Senior Director, Specialty Clinical Services.   In this position, CVS
17   entrusted him with its confidential trade secret information in order to allow him to
18   perform in this position.

19        10.     In or about September 2014, Kridner informed CVS that due to family
20   concerns he needed to reduce his travel schedule, while maintaining his
21   employment with CVS.

22        11.     Between September 2, 2014 and November 3, 2014, and unbeknownst
23   to CVS management at the time, Kridner sent approximately 61 emails from his
24   CVS email account to his personal email address at "gkridner4@yahoo.com."

25        12.     On or about November 10, 2014, Kridner resigned from CVS
26   purportedly to tend to his family concerns.   In communicating with CVS, Kridner
27   specifically assured CVS that he was not going to work for a competitor and that he
28   had no new employment.

COMPLAINT FOR THEFT OF TRADE
SECRETS

13.     On or about December 2, 2014, CVS discovered that, on or about November 12, 2014, Kridner had started new employment with a competitor to serve as its Senior Vice President, Specialty Pharmacy.

14.     Having realized that Kridner was not entirely forthright about his reasons for leaving the company, CVS undertook an internal investigation to ensure that Kridner had not misappropriated any confidential, proprietary, and/or sensitive documents or information.  Its investigation revealed that Kridner had sent the above-referenced 61 emails from his CVS email account to his personal email address at gkridner4@yahoo.com, and that those emails contained and attached numerous confidential trade secret information and strategies belonging to CVS, including but not limited to, the proprietary plans to CVS's Hepatitis C, HIV and RA generics program, internal policy analysis and considerations, financial projections for CVS's Hepatitis C program, CVS's Women's Health proprietary trend management plan, and Specialty digital strategy documents.

15.     The documents and information included in the emails Kridner sent to his personal account are confidential and proprietary to CVS.  Use of them, or their disclosure to any subsequent employer of Kridner, will cause irreparable harm to CVS and provide any competitor of CVS with an unfair advantage in the marketplace.

16.     Kridner had no legitimate business reason to gather this information, to capture it in emails, or to send it to himself at his personal e-mail address.  On information and belief, Kridner took the information contained within these emails with him to his future employers and attempted to use it for the benefit of his future employer and/or for his own benefit.

17.     On December 11, 2014, CVS, by and through its counsel, sent a letter to Kridner requesting that he return any CVS property or confidential information in his possession – whether in hard copy or electronic form.  Specifically, Kridner was directed to identify all electronically stored information pertaining to CVS

1  property in his personal email.  A true and correct copy of CVS's December 11,
2  2014 letter to Kridner is attached to this Complaint as Exhibit A.

3        18.    On December 22, 2014, Kridner, by and through his counsel, sent his
4  response letter in which he listed nine innocuous documents that he possessed but
5  failed to mention anything regarding the emails that he had sent to his personal
6  email account.  A true and correct copy of Kridner's December 22, 2014 letter to
7  CVS is attached to this Complaint as Exhibit B.

8        19.    CVS protects the confidentiality of its confidential and proprietary
9  information by, among other things, using confidentiality agreements with
10 employees, including Kridner. For example, on or about May 16, 2012, Kridner
11 executed a confidentiality agreement entitled "CVS Caremark Corporation 2012
12 California Employee Unfair Competition, Non-Disclosure and Developments
13 Agreement" ("Confidentiality Agreement").    A true and correct copy of the
14 Confidentiality Agreement is attached to this Complaint as Exhibit C.  Pursuant to
15 this agreement, Kridner agreed, amongst other things, that:

16
17     • "I will not at any time, whether during or after the termination of my
         employment, disclose to any person or entity any of the Corporation's
18       Confidential Information, except as may be appropriately required in
         the ordinary course of performing my duties as an employee of the
19       Corporation."

20     • "On or before my final date of employment with the Corporation I
21       shall return to the Corporation all property of the Corporation in my
         possession, custody or control, including but not limited to the
22       originals and copies of information provided to or acquired by me in
         connection with the performance of my duties for the Corporation,
23       such as files, correspondence, communications, memoranda, e-mails,
         slides, records, and all other documents, no matter how produced or
24       reproduced,   all   computer   equipment,   communication   devices
         (including but not limited to any mobile phone, BlackBerry or other
25       portable digital assistant or device), computer programs and/or files,
         and all office keys and access cards."
26
27       20.    On or about April 24, 2014, Kridner also executed a confidentiality
28 agreement entitled "CVS Pharmacy, Inc. Restrictive Covenant Agreement"

4839-3641-1681.11

COMPLAINT FOR THEFT OF TRADE
SECRETS

("Confidentiality Agreement II").  A true and correct copy of the Confidentiality Agreement II is attached to this Complaint as Exhibit D.  Pursuant to this agreement, Kridner again agreed to the exact same terms described above.

21.    In taking, using, and failing to return CVS's confidential and trade secret information and strategies, as alleged above, Kridner violated his written confidentiality agreements with CVS and misappropriated CVS's trade secrets.

## FIRST CAUSE OF ACTION
## MISAPPROPRIATION OF TRADE SECRETS
### (Against Defendant Kridner)

22.    The allegations of Paragraphs 9 through 21 are incorporated herein by reference as if set forth fully below.

23.    CVS's confidential trade secret information and strategies contained within and attached to files in the emails sent to Kridner's personal email account are entitled to trade secret protection under California law.

24.    This information derives independent economic value from not being generally known to the public or to competitors who can obtain economic value from its disclosure or use.

25.    CVS makes reasonable efforts to maintain the secrecy of this information.

26.    Defendant Kridner had no legitimate business reason for taking, possessing, disclosing or using any of this confidential CVS information.

27.    The foregoing conduct by Defendant Kridner constitutes the misappropriation of CVS's trade secret information.

28.    Defendant's conduct as alleged above has caused CVS to suffer irreparable harm, and CVS will continue to suffer irreparable harm and loss in the future.

29.    CVS has suffered damages as a result of Kridner's misappropriation of trade secrets, including but not limited to, economic loss, monetary damages, loss

4839-3641-1681.11

COMPLAINT FOR THEFT OF TRADE SECRETS

of existing business, business opportunities, and other economic harm to be proved at trial.

30.   CVS has no adequate remedy at law.

31.   Defendant Kridner's wrongful conduct alleged herein was malicious, oppressive, despicable, and in conscious disregard for CVS's rights, thereby entitling Plaintiff to recover its attorneys' fees costs in connection with this cause of action, as well as appropriate restitution and other equitable relief.

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against Defendant Kridner)**

32.   The allegations of Paragraphs 9 through 21 and 23 through 31 are incorporated herein by reference as if set forth fully below.

33.   Defendant Kridner entered into his Confidentiality Agreement with CVS on May 16, 2012.   Kridner worked for CVS continuously, and received compensation from CVS after entering into his Confidentiality Agreement until resigning on November 10, 2014, as alleged above.   Under these circumstances, Kridner's Confidentiality Agreement is an enforceable contract between CVS and Kridner under California law.

34.   Defendant Kridner entered into his Confidentiality Agreement II with CVS on April 24, 2014.   Kridner worked for CVS continuously, and received compensation from CVS after entering into his Confidentiality Agreement II until resigning on November 10, 2014, as alleged above.   Under these circumstances, Kridner's Confidentiality Agreement II is an enforceable contract between CVS and Kridner under California law.

35.   In taking, using, and failing to return CVS's confidential trade secret information and strategies, Kridner breached both his Confidentiality Agreement and Confidentiality Agreement II with CVS.

36.   CVS has suffered damages as a result of Kridner's breach of contract,

1   including but not limited to, economic loss, monetary damages, loss of existing

2   business, business opportunities, and other economic harm to be proved at trial.

3       37.    CVS also has suffered irreparable harm as a result of Kridner's breach

4   of contract, including but not limited to, loss of existing business, business

5   opportunities, and other economic harm to be proved at trial.

6

7                    **THIRD CAUSE OF ACTION**
                    **BREACH OF DUTY OF LOYALTY**
8                    **(Against Defendant Kridner)**

9       38.    The allegations of Paragraphs 9 through 21 and 23 through 31 are

10  incorporated herein by reference as if set forth fully below.

11      39.    Defendant Kridner breached his duty of loyalty to the company at the

12  time he was still employed by CVS by taking CVS's confidential trade secret

13  information and strategies for his own personal use and for the benefit of his future

14  employers, in violation of Confidentiality Agreement, Confidentiality Agreement

15  II, and California law.

16      40.    Defendant Kridner's conduct as alleged above has caused CVS to

17  suffer irreparable harm, and CVS will continue to suffer irreparable harm and loss

18  in the future.

19      41.    CVS has suffered damages as a result of Kridner's breach of duty of

20  loyalty, including but not limited to, economic loss, monetary damages, loss of

21  existing business, business opportunities, and other economic harm to be proved at

22  trial.

23      42.    CVS has no adequate remedy at law.

24      43.    Defendant Kridner's wrongful conduct alleged herein was malicious,

25  oppressive, despicable, and in conscious disregard for CVS's rights thereby

26  entitling Plaintiff to recover punitive damages.

27

28

4839-3641-1681.11

COMPLAINT FOR THEFT OF TRADE
SECRETS

## FOURTH CAUSE OF ACTION
### UNFAIR COMPETITION
### (Calif. Bus. & Prof. Code §§ 17200 et seq.)
### (Against Defendant Kridner)

44.     The allegations of Paragraphs 9 through 21, 23 through 31, 33 through 37, and 39 through 43 are incorporated herein by reference as if set forth fully below.

45.     By engaging in the conduct alleged above, Defendant Kridner has engaged in unfair competition, including unlawful business practices, in violation of California Business & Professions Code sections 17200, *et seq*.  Defendant Kridner has engaged in unfair competition by (a) violating California law, (b) breaching his legal obligations to maintain the confidentiality of CVS confidential trade secrets and strategies, and (c) using CVS's information unfairly to compete.

46.     Defendant Kridner's conduct as alleged above has caused CVS to suffer irreparable harm, and CVS will continue to suffer irreparable harm and loss in the future.

47.     CVS has no adequate remedy at law.

48.     CVS is entitled to recover its reasonable attorney's fees and costs in connection with this cause of action, as well as appropriate restitution and other equitable relief.

49.     Defendant Kridner's wrongful conduct alleged herein was malicious, oppressive, despicable, and in conscious disregard for CVS's rights, thereby entitled Plaintiff to recover punitive damages.

## FIFTH CAUSE OF ACTION
### SPECIFIC RECOVERY OF PERSONAL PROPERTY – REPLEVIN
### (Against Defendant Kridner)

50.     The allegations of Paragraphs 9 through 21 and 23 through 31 are incorporated herein by reference as if set forth fully below.

51.     CVS is the owner of the confidential information and strategies

4839-3641-1681.11

COMPLAINT FOR THEFT OF TRADE SECRETS

contained within and attached to files in the emails sent to Kridner's personal email account, as well as all paper and electronic copies thereof.  As owner, CVS is entitled to immediate possession of all copies of such information in Kridner's possession, custody or control.  Upon information and belief, Kridner presently has electronic copies of such information in his possession, custody or control.

52.    Because Kridner wrongfully retained and used this information following his employment with CVS, Kridner does not have a legitimate possessory or other interest in this information.

53.    Plaintiff has suffered damages as a result of Kridner's improper conduct, including but not limited to, economic loss, monetary damages, loss of existing business, business opportunities, and other economic harm to be proved at trial.

54.    Defendant Kridner's conduct as alleged herein has caused CVS to suffer irreparable harm, and will continue to suffer harm, including, but not limited to the loss of existing business, loss of business opportunities, and other economic harm to be proved at trial.

55.    CVS has no adequate remedy at law.

56.    CVS is entitled to recover its reasonable attorney's fees and costs in connection with this cause of action, as well as appropriate restitution and other equitable relief.

57.    Defendant Kridner's wrongful conduct alleged herein was malicious, oppressive, despicable, and in conscious disregard for CVS's rights thereby entitling Plaintiff to recover punitive damages.

### SIXTH CAUSE OF ACTION
### CONVERSION
### (Against Defendant Kridner)

58.    The allegations of Paragraphs 9 through 21, 23 through 31, and 51 through 57 are incorporated herein by reference as if set forth fully below.

4839-3641-1681.11

COMPLAINT FOR THEFT OF TRADE SECRETS

59.    CVS is the owner of the confidential information and strategies contained within and attached to files in the emails sent to Kridner's personal email account, as well as all paper and electronic copies thereof.   As owner, CVS is entitled to immediate possession of all copies of such information in Kridner's possession.   Upon information and belief, Kridner has used such information for his benefit and to CVS's detriment.

60.    Because Kridner wrongfully retained and used this information following his employment with CVS, Kridner has no legitimate possessory or other interest in this information.

61.    Plaintiff has suffered damages as a result of Kridner's improper conduct, including but not limited to, economic loss, monetary damages, loss of existing business, business opportunities, and other economic harm to be proved at trial.

62.    Defendant Kridner's wrongful conduct alleged herein was malicious, oppressive, despicable, and in conscious disregard for CVS's rights thereby entitling Plaintiff to recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CVS demands judgment against Defendant Kridner as follows:

1.    Awarding CVS a Preliminary Injunction Order, and a Permanent Injunction as follows:

a.    Ordering Defendant Kridner to immediately return all copies of CVS's electronic files and paper copies containing confidential information and strategies contained within and attached to files in the emails he sent to his personal email, or other confidential information in his possession;

b.    Ordering the permanent removal, deletion and destruction of all copies of CVS's electronic files and paper copies containing confidential information and strategies that Kridner possesses, or other confidential information

4839-3641-1681.11

COMPLAINT FOR THEFT OF TRADE SECRETS

transmitted to Kridner's computers and personal email accounts or otherwise in Kridner's possession, subject to the supervision of CVS so as to preserve evidence of all such files or information;

        c.     Enjoining Defendant Kridner from using, copying or disclosing any information relating to CVS that is not generally known to the public or to competitors who can obtain economic value from it; and

        d.     Ordering such other injunctive relief as the Court deems appropriate.

2. Awarding CVS restitution in an amount to be determined at trial.

3. Awarding CVS compensatory damages in an amount to be determined at trial.

4. Awarding CVS punitive damages in an amount to be determined at trial.

5. Awarding CVS attorneys' fees and costs.

6. Awarding CVS such other relief as the Court deems appropriate.

Dated:     January 30, 2015      NIXON PEABODY LLP

                                  By:/s/ Michael R. Lindsay
                                      Michael R. Lindsay
                                      Christopher Braham
                                      Attorneys for Plaintiff
                                      CVS PHARMACY, INC. and
                                      CAREMARK, L.L.C.

4839-3641-1681.11

COMPLAINT FOR THEFT OF TRADE SECRETS