UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CVS PHARMACY, INC. and CAREMARK L.L.C.,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>GEORGE KRIDNER,<br><br>　　　　　　　Defendant. | Case No. 8:15-cv-00144-JLS-DFM<br><br>**PRELIMINARY INJUNCTION**<br><br>Complaint filed: January 30, 2015 |

**ORDER**

The Court, having considered the stipulation entered into by Defendant George Kridner and Plaintiffs CVS Pharmacy, Inc. and Caremark L.L.C. ("Plaintiffs") hereby grants Plaintiffs' preliminary injunction against Kridner pursuant to the terms of the stipulation, as follows:

WHEREAS, Plaintiff's CVS Pharmacy, Inc. and Caremark L.L.C. (collectively referred to hereinafter as "CVS") filed its Complaint against Defendant George Kridner ("Kridner") on January 30, 2015;

WHEREAS, on February 18, 2015, Kridner, through his undersigned counsel, has agreed to work diligently to return any CVS trade secrets and confidential information that he may still have in his possession and safeguard that information from disclosure;

WHEREAS, CVS and Kridner wish to resolve this matter promptly;

WHEREAS, CVS wishes to ensure its intellectual property rights are protected;

WHEREAS, to facilitate a prompt and fair resolution, Kridner wishes to consent to the entry of a preliminary injunction.

NOW, THEREFORE, CVS AND KRIDNER AGREE AND STIPULATE that Kridner shall be and hereby is enjoined and restrained during the pendency of this action from directly or indirectly doing any and all of the following:

1. Violating the terms of his May 16, 2012 "CVS Caremark Corporation – 2012 California Employee Unfair Competition, Non-Disclosure and Developments Agreement";

2. Violating the terms of his April 24, 2014 "CVS Pharmacy, Inc. Restrictive Covenant Agreement";

3. Accessing, disclosing, making available to any person or entity (other than CVS or its counsel), or using any CVS confidential and/or trade secret information that Kridner obtained while employed by CVS,

including, but not limited to, the information Kridner emailed from his CVS account to his personal email address at gkridner4@yahoo.com;

4. Altering, destroying or disposing of any evidence, in any form, relating to this action, including, but not limited to, email and paper and electronic documents. Electronic documents include any current or achieved electronic logs, metadata, and directories.

CVS AND KRIDNER FURTHER AGREE AND STIPULATE to the following:

5. Kridner will deliver to CVS on a mutually agreeable schedule all remaining copies of documents in his possession, custody or control, whether in paper form or stored in an electronic medium, that contains CVS's confidential information and/or trade secrets that he has not already returned to CVS, including, but not limited to all documents that contain information sent in the emails from his CVS account to his personal email account at gkridner4@yahoo.com;

6. Kridner will make available for inspection on a mutually agreeable schedule his personal electronic devices (e.g., computers, external hard drives, thumb drives, smart phones), Yahoo account, and any other web-based file sharing or email account in his control;

7. Kridner will cooperate with CVS in identifying and ensuring the removal of CVS's confidential and/or trade secret information from all personal electronic devices, email accounts and any other web-based file sharing accounts in his control;

8. Kridner will take all necessary steps to preserve documents, data, tangible things, and other materials relating to this action, including, but not limited to, any emails and paper and electronic documents. Electronic documents include any current or achieved electronic logs, metadata, and directories;

9. Kridner will provide CVS notice through his counsel of record if he accepts employment (whether as an employee or as an independent contractor) so that CVS may send a letter to inform Kridner's employer that during his employment with CVS he had access to certain confidential trade secret information. A sample of this letter is attached hereto as Exhibit A. This provision shall remain in effect until December 31, 2015, the conclusion of trial in this matter or the dismissal of this case, whichever occurs last. In the event Kridner's future employer seeks clarification regarding any issue mentioned in this letter, unless specifically questioned about it, CVS will not discuss this lawsuit or issues and allegations contained therein with Kridner's future employer. Upon termination of this provision Kridner will no longer be required to provide notice of employment and CVS will no longer automatically send this letter to any of Kridner's future employers, but with reasonable justification it reserves the right to take any and all appropriate actions to protect its trade secret information;

10. CVS will only provide information concerning Kridner's dates of employment and the positions he held in response to any reference requests about his employment with CVS;

11. The provisions of the foregoing preliminary injunction, except paragraph 9, shall remain in force and effect until entry of a stipulated permanent injunction, the conclusion of trial in this matter or the case is dismissed, whichever occurs first;

12. No bond shall be required for the entry of the preliminary injunction described herein;

13. The parties will not conduct any discovery and will request this Court to stay the Rule 26(f) discovery conference until after CVS inspects Kridner's personal electronic devices (e.g., computers, external hard

drives, thumb drives, smart phones), Yahoo account, and any other web-based file sharing or email account in his control;

14. In the event CVS is able to determine that Kridner no longer has possession, custody or control over any of its confidential and/or trade secret information, and that Kridner never misappropriated any of CVS's trade secret information, both parties will agree to a mutual resolution, in which CVS will dismiss this action, Kridner will release any and all claims he may bring against CVS and neither party will seek recovery of its attorney fees and costs.

**IT IS SO ORDERED.**

Dated: April 30, 2015

_____
Hon. Josephine L. Staton
United States District Judge